**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ALEXANDER WILLIAMS,

               Plaintiff,            **MEMORANDUM & ORDER**
                                                               24-CV-3031 (OEM) (LB)

   -against-

THE CITY OF NEW YORK, ERNEST CHIN,
CASSANDRA PON, GIANNA DELGRIPPO,
ERIC GONZALEZ, STEVEN SNEIDER,
ADAM FRANCO, BIBI LEE, THOMAS
HANDLEY,

               Defendants.
---------------------------------------------------------X

**ORELIA E. MERCHANT, United States District Judge:**

On April 22, 2024, Plaintiff Alexander Williams, currently incarcerated at Sing Sing Correctional Facility, filed this *pro se* action against Defendants pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. *See* Complaint ("Compl."), ECF 1. On April 25, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). As set forth below, the complaint is dismissed.

## BACKGROUND

Plaintiff sues the City of New York, Eric Gonzalez, the Kings County District Attorney, Ernest Chin, Cassandra Pond (or Pon), Gianna Delgrippo, employed as Assistant District Attorneys, Detectives Steven Snieder and Thomas Handley, Adam Franco and Bibi Lee in connection with his arrest in 2018 for the murder of George Lee, Jr. Compl. at 1-3. Plaintiff alleges that a trial commenced "[o]n or about June 3, 2023 in Kings County" and that he was convicted. *Id.* at 8-9. Plaintiff alleges he was denied a fair trial and challenges the police officers' tactics, the prosecutors' conduct, the evidence used at trial, and witness testimony. *Id.* at 3-10.

1

The Court takes judicial notice that Plaintiff was convicted of murder in the second degree and was sentenced to 25 years to life imprisonment. *See* https://nysdoccslookup.doccs.ny.gov (last visited Oct. 4, 2024) (Alexander Williams, DIN 23B3963). Plaintiff seeks injunctive relief, including that his conviction "be reviewed and investigated" and that he "be given a new trial." *Id.* at 26-27.

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Moreover, where a plaintiff is proceeding *pro se,* his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Nevertheless, the Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the IFP statute, 28 U.S.C. § 1915, a district court must dismiss a case if the Court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff seeks relief pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 and alleges civil rights violations. "However, when a [state prisoner] seeks to challenge his conviction or custody as violating his civil rights, he must rely on direct appeal from the conviction or a writ of habeas corpus and not on a civil rights action." *Russell v. Karamingos*, 23-cv-8099 (PKC) (LB), 2023 WL 7300613, at *1-2 (E.D.N.Y. Nov. 6, 2023) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) ("[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.")). "A civil rights action is 'barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Russell*, 2023 WL 7300613, at *1 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[A] claim for declaratory relief ... based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."). By seeking, *inter alia*, a new trial and federal review of his conviction, *see* Compl. at 26-27, Plaintiff is directly challenging his confinement pursuant to his conviction. As such, Plaintiff must challenge this conviction through direct appeal in state court and then, if necessary, by a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal court once his conviction becomes final.[1] Because Plaintiff does not allege that his conviction has become final by having exhausted all available state court remedies, any habeas corpus petition would be premature at this juncture.

---

[1] A petition for habeas corpus shall not be granted until the applicant "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Generally, the petition must be filed within one year from the date when "the judgment of conviction becomes final." 28 U.S.C. § 2244(d)(1). Tolling of the limitations period may be available while a petitioner is pursuing state court remedies. 28 U.S.C. § 2244(d)(2).

## CONCLUSION

Accordingly, Plaintiff's civil rights complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii). The Court declines to construe this action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Clerk of Court is directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to the Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

/s/
ORELIA E. MERCHANT
United States District Judge

Dated: October 7, 2024
      Brooklyn, New York

4